RECEIPT NUMBER

*200520331*

*21*

ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

RALPHAEL OKORO,
       PLAINTIFF, PRO SE,

VS.

JEFF KRUEGER, JOHN HEMINGWAY(INDIVIDUALLY),
T.A.ZAMORA, H.J.MARBERRY, DIRECTOR OF PRISONS,
MICHAEL NALLY, JANICE BONNEVILLE, LT.D.TANEL,
LT.BLACK,
       DEFENDANTS.

)
)
)
)
)
)

JUDGE : Duggan, Patrick J.
DECK : Judge Prisoner Deck
DATE : 01/26/2005 @ 09:26:07
CASE NUMBER : 2:05CV70269
CMP (MANDAMUS) OKORO V. JEFF
KRUEGER, ET AL (JMC)

**MAGISTRATE JUDGE KOMIVES**

AS WAS ORDERED BY THE APPEALS COURT AND THIS
COURT "TO RE-FILE HIS MANDAMUS",THIS IS A WRIT
OF MANDAMUS COMPLAINT WITH A DEMAND FOR AN
INJUNCTION,COMPENSATORY AND PUNITIVE RELIEF,AND
TO DECLARE THE DEFENDANTS' ARBITRARY POLICY,
DECLARING COURT'S DOCUMENT TO BE CONTRABAND IN
FCI-MILAN,UNCONSTITUTIONAL

      In compliance to this honorable court's order dated 1-12-05 ordering

plaintiff "to re-file his mandamus within (30) days of this order", plaintiff

(Ralphael Okoro), on his behalf and representing himself,respectfully re-files this

writ of mandamus complaint that unequivocally requires this honorable court's

prompt action on the extraordinary violation of his civil and constitutional rights

by the defendants' arbitrary policy declaring court's documents to be "contraband"

and demanded their immediate "destruction by staff" in FCI-Milan,Michigan, along

with the defendants' wanton retaliatory actions against him for his diligent

exercise of his first amendment constitutional right to action the original and

amended mandamus complaint against them in this case. Plaintiff herein prays that

this honorable court issue the writ of mandamus for the following compelling

extraordinary reasons:

1.     This honorable court has and still retains jurisdiction pursuant to

28 USC sec.1361. Because the issues raised in this mandamus complaint constitutes

1.

very serious questions of high constitutional dimension, this case is also within
the meaning of 28 USC sec 1331,42 USC sec 1985, and sec 1986. After this honorable
court dismissed the amended mandamus under the PLRA "three strikes" provision,
the Sixth Circuit affirmed the dismissal without prejudice, and ordered that plaintiff
"pay the applicable filing fee to re-file his mandamus". The record shows that
plaintiff timely paid the required filing fee.

2.      The record unquestionably shows that the defendants aided,abetted and
conspired with one another to declare court's documents(PSRs and SORs) to be
"contraband" and demanded their immediate "destruction by staff" in FCI-Milan, and
as a result of plaintiff's diligent constitutional challenge to their arbitrary
policy in the original mandamus complaint, they further aided,abetted and conspired
with one another to obstruct and destroyed plaintiff's certified legal mail that
contained the original copies of his amended mandamus complaint and informa pauperis
application, and retaliated against him, in violation of 18 USC sec 2,sec 242,
sec 2382, sec 2383,sec 2384, sec 2385, sec 1698, sec 1701,sec 1702,sec 1703, and
U.S.Const.Art.III, and Amendment 1,5,and 8.

3.      On October 2,2002, without giving any advanced notice or sufficient time
to exhaust administrative remedy process, the defendants posted on the inmates'
notice board a policy memorandum dated September 27,2002, commanding, inter alia,
that " no later than November 2,2002,you must remove from the institution any copies
of PSRs and SORs currently in your possession. After this grace period,you will be
subject to disciplinary action for possession of contraband. You may dispose of
your photo copied PSRs and SORs by any of the following methods: mailing the
material out of the institution to any person you choose,destroying and discarding
the document(s) yourself, or delivering the document(s) to staff member for
destruction ". See (Exb.1) as attached. Plaintiff refuse to obey this policy.

4. Plaintiff maintains that the undisputed compelling constitutional questions are : [a]Whether the defendants has the discretionary authority to declare court's documents to be "contraband" and commanded their immediate "destruction by staff" under the discriminatory guise of protecting allege confidentiality interest of their inmate-informants ? and [b] Since the inmate-informants knowingly exercised their fifth amendment right of choice to become informants with all the rewards and the statutory protection under 18 USC sec 1513, are the informants legally entitled to a constitutionally protected interest to their confidentiality from the public, media, and the courts ?

The defendants does not have the discretionary authority to declare court's documents to be "contraband" and command their immediate "destruction by staff" in FCI-Milan or in any other federal enclave under the discriminatory guise of protecting the allege confidentiality interest of the informants; and the informants are not legally entitled to a constitutionally protected interest to confidentiality from the public,media,and the courts,because they knowingly exercised their fifth amendment right of choice to become informants with all the rewards and statutory protection under 18 USC sec 1513. The First amendment gives the media,the courts and the public the constitutional right to publish the identities of the informants,and likewise, the Sixth amendment gives the public the right to confront the informant in a criminal case to know the name of informant's identity and to confront his lies face to face in a criminal court of law.

5. The record shows that the defendants assumptively alleged, without any evidence, that " PSRs and SORs containing information about an inmate can lead to security problem and endanger the inmate. Information about the inmate having given the government assistance[labeling him as an informant or snitch],the inmate's financial resources...,and the inmate's community affiliation... is noteworthy to inmates and

3.

problematic for a correctional system. If an inmate refuses to produce his documents for other inmates to view, this provides reason to believe it may contain adverse information. If the inmate refuses, he may be threatened, assaulted, or he may be driven to seek protective custody". See (page 2 of the defendants' motion to dismiss plaintiff's amended complaint). Although this is the most fabricated pestiferous lies to ever have been filed in federal court, the defendants did not tell the court that they dubiously provide their battalion of informants with fake PSRs and SORs to facilitate their unconstitutional entrapment schemes against targeted inmates. In other words, they forge fake PSRs and SORs for their informants to undermine the integrity and authenticity of the very Judicial documents they now declared "contraband" and command their "destruction by staff", but said nothing about destroying the fake PSRs and SORs they provide to their ruthless informants. They are indeed a serious threat to the orderly function of the Judicial Branch of government. Plaintiff is entitled to discovery of any and all BOP's fake PSRs and SORs to their battalions of informants and the detailed training manual of the BOP's Drug Program used in training their rooky informants to become effective. Fed.R.Civ.P.26. The very Drug Program that Congress intended for the rehabilitation of inmates' drug addicts was transformed into a training school for rookie informants by the defendants contrary to Congress's intent.

6.     The defendants are using their fabricated excuse of protecting the allege confidentiality interest of inmate-informants as a stepping stone or testing point to actually enforce their main insurrectional goal of prohibiting inmates, especially litigious inmates like plaintiff, from exercising their constitutional right to petition for redress and enforce a total ban on any and all legal or courts' documents in FCI-Milan, Michigan, or in the federal prison system, to promote their selfish pecuniary interest in the penal system- "if no inmate goes home the more money BOP makes", is the general slogan among staff.

4.

7.    Plaintiff maintains that the defendants' misuse or mismanagement of inmate-informants is truely the threat to institution's safety and security interest, and not the PSRs and SORs. It is axiomatic that inmate-informants ruthlessly disobeys institution's rules and regulation on a daily basis in the name of "doing my job". BOP's juneir staff members are terrified by those ruthless informants, and so are other inmates. The informants are the smugglers of drug and other contrabands into the institution through their revolving door privilege. They are the institution's drug dealers. They would sell drugs to a foolish inmate and at the same time "snitch" on the inmate to the Lieutenant and the inmate goes to the "hole" knowing that the informant who sold him the drugs was the one that "snitched" on him. That's how most fights occurs between inmates and informant. It has nothing to do with PSRs and SORs in any way, shape, or form. In addition to the media, case law books, BOP employees, the informants themselves boldly reveal their identities as informants, brag about their power to run the prison, and dare any inmate or staff to threaten or assault them. The defendants uses their informants as a retaliatory lethal weapon against targeted inmate's liberty interest, as here. They have been unleashing their informants on plaintiff to do anything necessary to incriminate him.

8.    Plaintiff complains that his PSR and SOR legal documents are not "contraband" because they are legitimate court documents issued by the U.S.District court(N.D.ILL.) in his criminal case and he is legally entitled to retain them in his possession to use in the pursuit of justice in his criminal case he is currently fighting. The SOR contains his release date, and he does not trust the defendants to tell him of his release date. The PSR and SOR does not in any way violate institution's security or government's penological interest. If any thing, this honorable court should agree that—that the defendants' arbitrary declaration of SORs(which bears U.S.Const.Art.III's signature) as "contraband" unequivocally threatens government's

5.

penological interest and collaterally rendered plaintiff's SOR constitutionally infirm – to the extent of nullifying the prison confinement. With out the SOR, plaintiff cannot legally be in the custody of the Bureau of prisons. The defendants committed a treasonable coup de main and coup de grace against the orderly function of the Judicial Branch of government.

9.    Plaintiff has never been threatened by any other inmate for his PSR and SOR, and he has never seen or heard of any inmate or informant being threatened or assaulted because of his PSR and SOR. Since non-informant inmates are fully aware that the defendants issues their informants with fake PSRs and SORs, common sense dictates that no inmate would waste his time to demand to read a document that may be fake document issued by the defendants. The defendants and their informants are the problem to institution's safety and security interest, and not an authentic PSR and SOR. The defendants' arbitrary policy continues to threaten to punish plaintiff and strip him of his earned good-time credits for not giving them his court documents to destroy. They will do so over plaintiff's dead body.

10.    Plaintiff,pro se(Ralphael Okoro) is an inmate here in FCI-Milan,Michigan. He received his PSR and SOR from the U.S.District court(N.D.Ill.) through his trial defense counsel after he was convicted and sentenced to 188 months in prison. He is still collaterally challenging the conviction and needs the ready-use of his court's documents to continue his quest for justice. He would suffer irrreparable prejudice and injury if the defendants destroy his court's documents. The defendants' false claim that staff would give inmates access to their PSRs and SORs to be reviewed in the presence of staff is called an illegal censoring of inmates' legal documents in direct contravention to U.S.Const.Amendment 1,5,and 6. But of course, the defendants will never let plaintiff see his PSR and SOR if he let them destroy

6.

the court's documents, and they might produce a fake copy with no release date. Oh yes, they will, Your Honor.

11.     Defendant Jeff Krueger is an Assistant Warden. He conspired, aided and abetted defendants John Hemingway, Director of prisons, unknown official members of the BOP's national administrative body, Michael Nally, Janice Bonneville, in their arbitrary enforcement of their declaration of court's documents as "contraband" and their "destruction" of court's documents, in their individual and official capacities, in violation of 18 USC sec 2, sec 242, sec 2382, sec 2383, sec 2384, sec 2385, and U.S.Const.Art.III, and Amendment 1,5,and 8.

12.     Defendant John Hemingway was the Warden(now retired) who conspired, aided and abetted defendants  Director of prisons, unknown official members of the BOP's national administrative body, Michael Nally, Joff Krueger, and Janice Bonneville, in their individual and official capacities, to declare PSRs and SORs to be "Contraband" and commanded their "destruction by staff", in violation of 18 USC sec2, sec 242, sec2382, sec2383, sec 2384, sec 2385, and U.S.Const.Art.III, and Amendment 1,5, and 8.

13.     Defendant T.A.Zamora is the Manager of FCI-Milan mail room. On 11-13-02, plaintiff mailed a certified legal mail #7001 2510 0002 6553 8526 containing an original and two copies of his amended mandamus complaint and an informa pauperis application to this honorable court. See (exb.2) as attached. But after not hearing from this honorable court for a long time, he mailed an inquiry letter to the Chambers of Honorable Judge Paul D.Borman. On 2-14-03, he received a reply letter from Hon.Judge Paul D.Borman's Chambers stating that his Chambers "was not able to locate this pleading". See (exb.3) as attached. Following plaintiff's filing of his 28 USC sec 1746 motion in which he attached copies of the amended mandamus, on 4-8-03, the Honorable Judge Paul D.Borman gracefully ordered the filing of the

7.

copies of the amended mandamus. See (exb.4) as attached. The truth is that defendant T.A.Zamora never delivered Plaintiff's 11-13-02 certified legal mail to Milan Post office, instead she conspired,aided and abotted defendant John Hemingway and Jeff Krueger, in their individual and official capacities, to intecept,obstruct and destroyed said certified legal mail, in violation of 18 USC sec 2,sec 242, sec 1698, sec 1701,sec 1702, sec 1703,and U.S.Const.Amendment 1 and 5. For a long time, T.A.Zamora aided,abetted and conspired with defendant Jeff Krueger to obstruct and destroy plaintiff's(to and from)personal mails to his father(a retired Commandant of Nigeria Prison service). They wantonly deprived plaintiff's father from reading from his only son,and as a result,plaintiff's father became very worried,emotionally distressed, and finally had a short stroke that killed him on 12-27-03, all because of the barbaric actions by defendants T.A.Zamora and Jeff Krueger on his numerous personal mails. Plaintiff is deranged with anger.

14.     Defendant H.J.Marberry is the new Warden, and she inherited and liable for defendant John Hemingway's arbitrary action in her official capacity only.

15.     Defendant Director of prisons conspired,aided and abetted Michael Nally, John Hemingway,Jeff Krueger, Janice Bonneville, and unknown official members of the BOP's national administrative body, in their individual and official capacities, to declare PSRs and SORs as "contraband" and commanded their "destruction by staff", in violation of 18 USC sec 2,sec 242, sec 2382,sec2383,sec 2384,sec 2385,and U.S.Const.Art.III,and Amendment 1,5,and 8. They further conspired to deny plaintiff his fifth amendment due process right to adequate notice and sufficient time to exhaust administrative remedy process before publishing their arbitrary policy.

16.     Defendant Michael Nally is the BOP's Regional Director who aided,abetted, and conspired with defendants Director of prisons,John Hemingway,Jeff Krueger, and Janice Bonneville,in their individual and official capacities,in violation of 18 USC sec 2,sec 242,sec 2382,sec 2383,sec 2384,sec 2385,and U.S.Const.Art.III,

8.

and Amendment 1,5,and 8.

17.     Defendant Janice Bonneville is a legal counsel for the BOP who aided, abetted and conspired with defendants Director of prisons,John Hemingway,Jeff Krueger, and unknown official members of the BOP's national administrative body,in their individual and official capacities, in violation of 18 usc sec 2,sec 242,sec 2382, sec 2383, sec 2384,sec 2385,and U.S.Const.Art.III,and Amendment 1,5,and 8.

18.     Defendants Lt.D.Tanel and Lt.Black are both BOP's Lieutenants who conspired, aided and abetted defendant Jeff Krueger,in their individual and official capacities, to wantonly retaliate against plaintiff for actioning the original and amended mandamus in this case. They knowingly lied on Plaintiff and put him in disciplinary segregation for two weeks for no reason. See (exb.5) as attached. At the direction of defendant Jeff Krueger,they attempted to frame him with drug-infested urinalysis of inmate-informants. E.g.see (exb.6) as attached. At the direction of defendant Lt.D.Tanel, on 11-2-02, the Unit officer searched plaintiff's locker looking for his PSR and SOR, and ordered plaintiff to send all his legal documents home.Plaintiff refused to do so. They have been wantonly searching plaintiff's locker looking for his PSR and SOR as it reflects on the following dates:

On 11-2-02, on the 6am-2pm shift(legal documents searched).

On 11-13-02,on the 6am-2pm shift(searched legal documents in locker).

On 12-25-02,on the 6am-2pm shift(searched legal documents in locker).

On 1-3-03,on the 2pm-10pm shift(searched legal documents in locker).

On 1-19-03,on the 2pm-10pm shift(officer Schindle searched legal documents and left shampoo open and soiled legal documents in plaintiff's locker with shampoo).

On 1-23-03,on the 6am-2pm shift(searched legal documents in locker).

On 2-9-03,on the 6am-2pm shift(searched legal documents in locker).

On 2-13-03,on the 6am-2pm shift(searched legal documents in locker).

On 5-30-03,on the 2pm-10pm shift(searched and scattered legal papers).

9.

On 6-20-03,on the 6am-2pm shift(searched legal documents).

On 8-2-03,on the 6am-2pm shift(Officer Malcnowski searched legal documents and left plaintiff's locker wide open after search and legal documents left unattended on plaintiff bed, and soiled some of plaintiff's legal documents with liquid detergent).

On 9-15-03,on the 2pm-10pm shift(searched legal documents).

On 10-16-03,on the 6am-2pm shift(searched legal documents).

On 11-27-03,on the 6am-2pm shift(searched legal documents).

On 4-7-04,on the 2pm-10pm shift(searched legal documents).

On 5-19-04,on the 2pm-10pm shift(searched legal documents).

On 5-29-04,on the 2pm-10pm shift(searched legal documents).

On 6-1-04,on 6am-2pm shift(searched legal documents).

On 6-6-04.on 6am-2pm shift(searched legal documents).

On 8-14-04,on the 6am-2pm shift(searched legal documents).

On 8-18-04,on the 2pm-10pm shift(searched legal documents).

Plaintiff gave up keeping log of their search for his PSR and SOR after 8-18-04.

19.    Plaintiff prays that pursuant to Fed.R.Civ.P.4,that this honorable court order the U.S.Marshal to serve the defendants with this mandamus complaint with no cost to plaintiff,and notify him of served notices.

20.    PLAINTIFF'S STATED CLAIMS: [a] the defendants conspired,aided and abetted one another to deny plaintiff's civil and constitutional rights under 18 USC sec 2, sec 242,sec 2382,sec 2383,sec 2384,sec 2385,sec 1698,sec 1701,sec 1702,sec 1703, and U.S.Const.Art.III,and Amendment 1,5,and 8; [b] the defendants conspired,aided and abetted one another to retaliate against plaintiff for actioning the original and amended mandamus against them, in violation of his first amendment right to petition for redress, and [c] the defendants conspiratorial actions inflicted mental,emotional distress,and psychological anguish,on plaintiff. A pro se claim is to be accepted as true in reviewing his claim. See Estelle v.Gamble,429 U.S.97,104

10.

(1976). Also see Haines v.Kerner,404 U.S.519,520(1972).

21.   RELIEF REQUESTED: Plaintiff prays that this honorable court grant the following relief in the interest of justice: [a] issue an injunction against the defendants arbitrary policy pending finality of this case,[b] declare the defendants arbitrary policy unconstitutional,[c] grant compensatory damages relief for $50,000,000.00 against each defendant in his or her individual and official capacities,[d] grant punitive damages relief for $100,000,000.00  damages relief against each defendant in his or her individual and official capacities.

22.   Notice is hereby given to the defendants that any further retaliatory act, and any false statement or argument in this case,will be included as a claim count against them in this case.

Dated: 15th day of January,2005.

Respectfully submitted,

Ralphael Okoro, #09567-424,
P.o.box 1000,
FCI-Milan,Michigan 48160

11

U.S. Department of Justice

Federal Bureau of Prisons

$(Exb.1)$

*Milan, MI 48160*
September 27, 2002

MEMORANDUM FOR INMATES

FROM:      John R. Hemingway
           Warden

SUBJECT:   Re-Issued Program Statement No. 1351.05, <u>Release of Information</u> (09/19/02)

Effective November 2, 2002, inmates may not obtain or possess photocopies of their Pre-Sentence Reports (PSR) and/or the Statement of Reasons (SOR) from their criminal judgements. Re-issued Program Statement No. 1351.05, <u>Release of Information</u> (09/19/02), makes this change. This policy change responds to the emerging problem of inmates pressuring other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources, etc. This policy change will help the Bureau better protect the safety and security of its institutions, inmates, staff, and the public.

   1. Inmates are immediately prohibited from obtaining photocopies of PSRs and SORs. Any pending or future requests for photocopies of these documents are denied. You may still review your PSRs and SORs locally, as scheduled with your unit team.

   2. No later than November 2, 2002, you must remove from the institution any copies of PSRs and SORs currently in your possession. After this "grace period," you will be subject to disciplinary action for possession of contraband. You may dispose of your photocopied PSRs and SORs by any of the following methods:

   —   Mailing the material out of the institution to any person you choose;

   —   Destroying and discarding the document(s) yourself; or

   —   Delivering the document(s) to a staff member for destruction.

   3. A new form (BP-S757.013) is available to inmates which allows you to present your PSRs and SORs to courts in which you are involved in litigation. A copy of the new form is available to you in the housing units and law library. The new form includes instructions for its use.

Contact your unit team with further questions on this new policy.

Exb. 2

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ 5.55 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.55 |

15 stamp

Postmark Here

11-13-02

Amended
attention (?)

Sent to: Jeffrey L. Collins, Depty. Comm.
U.S. IRS District Counsel
Street, Apt. No.; or PO Box No. 231 West Lafayette Blvd.,
City, State, ZIP+4  Detroit, Mich. 48226

7001 2510 0000 6553 8526

PS Form 3800, January 2001                See Reverse for Instructions

*Exb. 3*

# UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
#### U.S. COURTHOUSE
#### DETROIT, MICHIGAN 48226

CHAMBERS OF
**PAUL D. BORMAN**
UNITED STATES DISTRICT JUDGE

(313) 234-5120
Fax (313) 234-5350

January 10, 2003

Ralphael Okoro 09567-424
PO Box 1000
FCI-Milan
Milan, MI 48160

Mr. Okoro,

The Court has received you letter dated 12/23/03 inquiring about your case #02-fp-74214. I have looked for an "Amended Mandamus and Informa Paupris" and was not able to locate this pleading.

Enclosed, please find a docket sheet on your case run 1/10/03 and note that there is not anything filed between 11/7/02 (Order denying application to waive prepayment of the filing fee) and your letter of December 23, 2002.

Thank you,

Janie Parker
Case Manager for
Judge Paul D. Borman

Recd.
2 - 14 - 03

exb. 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

APR - 8 2003

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

RALPHAEL OKORO,

        Plaintiff,

v.

WARDEN JOHN HEMINGWAY,

        Defendant.

/

Case Number: 02-CV-74214-DT

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES PURSUANT TO 28 U.S.C. § 1915

On November 7, 2002, the Court denied an application to proceed without prepayment of fees filed by four inmates at the federal correctional facility in Milan, Michigan. The inmates sought a writ of mandamus on behalf of a class of similarly situated inmates at the prison.

Thereafter, Plaintiff Ralphael Okoro apparently attempted to file an amended mandamus action in which he would proceed "solo." (Dec. 13, 2002 Letter – docket #6.) The Court, however, never received Okoro's amended mandamus action and application to proceed without prepayment of fees. (Jan. 10, 2003 Letter – docket #7.) On February 20, 2003, Plaintiff Okoro filed a declaration pursuant to 28 U.S.C. § 1746, in which he attached his amended mandamus complaint. (Docket #8.)

Having reviewed Plaintiff Okoro's original application to proceed without prepayment of fees under 28 U.S.C. § 1915, the Court hereby GRANTS Plaintiff's application to proceed

1

without prepayment of fees with respect to his amended mandamus action which alleges that his First and Eighth Amendment rights are being violated. The Court ORDERS the clerk to file Plaintiff's complaint. IT IS FURTHER ORDERED that the clerk issue summons and the United States marshal serve a copy of the complaint, summons, and this order upon the Defendant as directed by the Plaintiff. All costs of service shall be advanced by the United States.

SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: __APR 8 - 2003__
Detroit, Michigan

2

I certify that, on the date indicated
below, I arranged for a measure to provided
above, and I mailed a copy of this order
to the plaintiff(s).

Dated: 6-16-03

Case 2:05-cv-70269-PDB-VMM ECF No. 1, PageID.17 Filed 01/26/05 Page 17 of 21

**ADMINISTRATIVE DETENTION ORDER** CDFRMMAY 84

S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

( exb.5 )

FDC, Milan
Institution

December 16, 2003 /2:00 PM.
Date/Time

TO      : Special Housing Unit Officer

FROM    : D. Janer, Lieutenant      , (Name/Title)          Unit: F1-Unit

SUBJECT : Placement of Okoro, R. , Reg. No 09567-424 , in Administrative Detention

_____ (a)  Is pending a hearing for a violation of Bureau regulations;

_____ (b)  Is pending investigation of a violation of Bureau regulations;

_____ (c)  Is pending investigation or trial for a criminal act;

  XX    (d)  Is to be admitted to Administrative Detention

        ____ (1) Since the inmate has requested admission for protection;

        I hereby request placement in Administrative Detention for my own protection.

            Inmate Signature/Register No.: _____

            Staff Witness Printed Name Signature: _____

        XX   (2) Since a serious threat exists to individual's safety as perceived
by staff, although person has not requested admission; referral of the necessary
information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e)  Is pending transfer or is in holdover status during transfer.

_____ (f)  Is pending classification; or Psych Review

_____ (g)  Is terminating confinement in Disciplinary Segregation and has been ordered
into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's
continued presence in the general population poses a serious threat to life, property,
self, staff, other inmates, or to the security or orderly running of the institution
because*

(X You are being placed in Administrative Detention upon your request for Protective Custody. Big Lie

_____

_____

Therefore, the above named inmate is to be placed in Administrative Detention until
further notice.

The inmate received a copy of this Order on (date / time) 12/16/03   3:00 PM

Staff Witness Signature/Printed Name D. Janer, Lieutenant    Date 12/16/03
*In the case of DHO action, reference to that order is sufficient.  In other cases, the
officer will make an independent review and decision, which is documented here.
Record Copy - Captain;
Copy - Inmate Concerned; Copy - Administrative Detention Unit; Copy - Unit Manager;
Copy - Special Investigative Supervisor
(This form may be replicated via WP)                    Replaces BP-308(52) of JAN 88

$(exb.6)$

**RESPONSE TO INMATE REQUEST TO STAFF MEMBER**                    December 10, 2003
OKORO, Raphael                                                                              F-1
Reg. No.: 09567-424

This is in response to your Inmate Request to Staff Member dated December 4, 2003.
You are requesting the serial number for your urinalysis test, whether you are on the
urine suspect list, and a chronological list of any and all inmates/informants who have
been criminally prosecuted and sentenced for smuggling drugs into the institution. You
also voiced a concern that during the past two urinalysis tests, the same inmate was
called to the Lieutenant's Office with you.

When a staff member requests you provide a urinalysis, you have the right to request
the serial number that coincides with your urinalysis form. The number that coincides
with your urine sample is B01011499. Program statement 6060.08, dated November
24, 1999, Page 1, Attachment 1, Paragraph 6, states, "The inmate will certify by signing
the laboratory form that the specimen provided to the collection officer was provided by
the inmate, sealed in the inmate's presence, and the information on the form and label
is correct."

Program Statement 6060.08, dated November 24, 1999, Page 4, states, "an inmate
who has been identified through Intelligence gathering will be tested over an extended
period of time, three months."

You also request a chronological list of any and all inmates/informants who have been
criminally prosecuted for smuggling drugs into the institution. You are not entitled to
this information as it is confidential.

You further stated, that in the past two urinalysis tests you were requested to provide,
the same inmate was called to the Lieutenant's Office with you. I understand your
concerns, however, this is purely coincidental. When your name is presented to the
Lieutenant to provide a urinalysis, there may be one or several inmates that must
provide a urine sample on the same day.

I trust this information addresses your concerns. If you have any further questions or
concerns, you may contact the Lieutenant's Office.

John R. Hemingway, Warden

Recd on 12-22-03
from Unit Officer R.O.

05  70269

PATRICK J. DUGGAN

DEFENDANTS' ADDRESS

1.   Defendants H.J.Marberry,Jeff Krueger,John Hemingway,T.A.Zamora,Lt.D.Tanol,

and Lt.Black is: Federal Correctional Institution,

           4000 Arkona Road,

           Milan,Michigan 48160      MAGISTRATE JUDGE KOMIVES

2.   Defendants Michael Nally, and Janice Bonneville address is:

           Federal Bureau of prisons,

           North Central Regional office,

           Gateway Complex Tower II, 8th floor,

           400 state avenue,

           Kansas City,Kansas 66101

3.   Defendant Director of prisons address is:

           Federal Bureau of prisons,

           Central office,

           320 First street,N.W.,

           Washington,DC 20534

U.S. DIST COURT CLERK
EASTERN DIST MICH.
DETROIT DSO

'05 JAN 26 AQ 45

                    Plaintiff,pro se,

                    Ralphael Okoro,#09567-424
                    P.o.box 1000,
                    FCI-Milan,Michigan 48160

Duggard/70269/RTK

**CIVIL COVER SHEET** PATRICK J. DUGGAN

JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
RALPHAEL OKORO, #09567-424

05 70269

**DEFENDANTS**
JEFF KRUEGER, JOHN HEMINGWAY, et al

**(b)** County of Residence of First Listed Plaintiff    Washtenaw
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Washtenaw
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

MAGISTRATE JUDGE KOMIVES

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☒ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

POSSIBLE COMPANION CASE

**V. ORIGIN** (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE    PAUL D. BORMAN    DOCKET NUMBER    02-CV-74214-DT

DATE JAN 26 2005    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

RSUANT TO LOCAL RULE 83.11

1.    Is this a case that has been previously dismissed?                  ☑ Yes
                                                                          ☐ No

If yes, give the following information:

Court: _USDC-EDM_____

Case No.: _04-74214-DT_____

Judge: **PAUL D. BORMAN**_____

2.    Other than stated above, are there any pending or previously
      discontinued or dismissed companion cases in this or any other      ☐ Yes
      court, including state court? (Companion cases are matters in which  ☐ No
      it appears substantially similar evidence will be offered or the same
      or related parties are present and the cases arise out of the same
      transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : 
_____