UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPHAEL OKORO,

    Plaintiff,

Civil Case No. 05-70269

-vs-

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

JEFF KRUEGER; JOHN HEMINGWAY;
(INDIVIDUALLY); T.A. ZAMORA; H.J.
MARBERRY; DIRECTOR OF PRISONS;
MICHAEL NALLEY; JANICE BONNEVILLE;
LT. D. TANEL; LT. BLACK,

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiff filed his complaint on January 26, 2005, alleging that his constitutional rights were violated by the Defendants. Defendants filed a waiver of reply under the Prison Reform Act ("PLRA") of 1995, 42 U.S.C. §1997e(g), which provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1979 of the Revised Statutes of the United States 42 U.S.C. 1983 or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. §1997e(g). The Court will not require Defendant to file a reply because Plaintiff has failed to exhaust his administrative remedies.

The PLRA further provides:

> no action shall be brought with respect to prison conditions under section 1983 ..., or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Sixth Circuit has provided:

> In *Brown v. Tombs* [139 F.3d 1102 (6th Cir. 1998)], we required that a prisoner bringing such an action specifically allege in his complaint that he had exhausted all administrative remedies. *Id.* at 1104. We also required that the plaintiff attach to his complaint the disposition (s) of his available administrative remedies. *Ibid.* Explaining our rule in a later case, we noted that the heightened pleading standard permits federal courts to determine whether the claim can be decided on the merits, without expending judicial resources on evidentiary hearings and responsive pleadings. *See Knuckles El v. Tombs,* 215 F.3d 640, 642 (6th Cir. 2001).
>
> A plaintiff who fails to allege exhaustion of remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte. Knuckles El,* 215 F.3d at 642; *Brown,* 139 F.3d at 1104. Our rule in *McGore* requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect.

*Baxter v. Rose,* 305 F.3d 486, 487-88 (6th Cir. 2002).

The Court finds that Plaintiff fails to satisfy the Sixth Circuit's "particularized averment" requirement pertaining to his exhaustion of available administrative remedies. Plaintiff's complaint makes only one reference to the exhaustion of administrative remedies when he alleges that he did not have adequate time to grieve the change in policy regarding inmate possession of Presentence Investigations. Complaint ¶3. The Court finds that this statement fails to satisfy the Sixth Circuit's "particularized averment" requirement pertaining to exhaustion of administrative remedies. Plaintiff fails to allege that he pursued any type of administrative remedies pertaining to the constitutional violations alleged in his complaint.

Accordingly, the Court dismisses Plaintiff's complaint without prejudice for failing to exhaust his administrative remedies.

**SO ORDERED**

                                            s/Paul D. Borman_____
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  August 16, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 16, 2005.

                                            s/Jonie Parker_____
                                            Case Manager