UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RALPHAEL OKORO,

       Plaintiff,                   CIVIL ACTION NO. 05 CV 70269 DT

       v.                             DISTRICT JUDGE PAUL D. BORMAN

KRUEGER, et al.,            MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendant(s).
_____/

## REPORT AND RECOMMENDATION

That matter comes before the court on plaintiff's "Motion to 'Reinstate and Reopen' Writ of Mandamus Complaint." The district court referred the motion to this court by order dated March 8, 2006.[1]

On January 26, 2005, plaintiff filed an action against various MDOC officials in which he sought mandamus and injunctive relief, as well as compensatory and punitive damages, arising from the alleged promulgation and enforcement of a policy that declared certain legal documents to be contraband and required that they be destroyed. On August 16, 2005, Judge Borman entered an order dismissing the case on the ground that plaintiff had failed to demonstrate that he exhausted his administrative remedies prior to filing suit, as required by 42

---

[1] The motion was referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). However, a magistrate judge's authority to hear and determine a motion is limited to pre-trial matters. With regard to post-judgment matters, a magistrate judge may only issue a report and recommendation. The court will proceed accordingly.

-1-

U.S.C. § 1997e(a).  Plaintiff filed a motion for reconsideration of the order.  Judge Borman denied the motion.  Plaintiff then filed a motion under Fed. R. Civ. P. 12(f) to have certain matters stricken from defendants' pleadings and for other relief.  This court recommended that the motion be denied.  Judge Borman accepted the court's recommendation and entered an order striking the motion as well as the amended complaint plaintiff filed after the order of dismissal was entered.  Not to be deterred, plaintiff subsequently filed the present motion, claiming that he has now exhausted his administrative remedies and that his case should be reopened "in the interests of justice."

Though plaintiff has not cited it, the court will treat the present motion as one for relief under Fed. R. Civ. P. 60(b).  Rule 60(b) provides, in part, as follows:

> On motion and upon such terms as are just, the court may relieve a party...from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff has plainly failed to establish grounds for relief under subsections (1) through (5) of Rule 60.  Accordingly, the court will determine whether relief is warranted under subsection (6), the "catch-all" provision of the rule.  In Blue Diamond Coal Co. v. Trustees of UMWA, 249 F.3d 519, 524 (6th Cir. 2001)(citations and quotations omitted), the Sixth Circuit stated that subsection (6) of Rule 60(b) "applies only in exceptional or extraordinary

circumstances which are not addressed by the first five numbered clauses of the Rule.... Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief."

Plaintiff concedes that he did not exhaust his administrative remedies prior to filing suit, as is required under § 1997e(a).  The fact that he may have exhausted those remedies after he filed suit, a matter on which the court makes no ruling, does not constitute an exceptional or extraordinary circumstance warranting relief under Rule 60(b)(6).  As the Sixth Circuit stated in Gunther v. Ohio Department of Corrections, 198 F.3d 245, 1999 WL 1045168 (6th Cir.(Ohio)), a case involving similar circumstances, "[plaintiff's] option was to file a new lawsuit, not reopen this lawsuit, as he failed to exhaust his administrative remedies *prior* to filing this action."

For the reasons stated above, the court recommends that plaintiff's "Motion to 'Reinstate and Reopen' Writ of Mandamus Complaint" be **DENIED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be

served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                   s/Virginia M. Morgan
                                   VIRGINIA M. MORGAN
Dated:  April 11, 2006          UNITED STATES MAGISTRATE JUDGE

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon Ralphael Okoro and counsel of record via the Court's ECF System and/or U. S. Mail at the address disclosed on the notice of electronic filing on April 11, 2006.

                                   s/J Hernandez
                                   Case Manager