UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPHAEL OKORO,

        Plaintiff,                       CIVIL ACTION NO. 05 CV 70269 DT

v.                                  DISTRICT JUDGE PAUL D. BORMAN

JEFF KRUEGER, et al.,           MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendant(s).
_____/

**REPORT AND RECOMMENDATION**

That matter comes before the court on plaintiff's motion for leave to proceed on appeal in forma pauperis (IFP). The district court referred the motion to this court by order dated June 6, 2006.[1]

The court recommends that the motion be denied for two reasons. First, the motion is substantively defective. Pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking IFP status on appeal must submit (1) an affidavit containing the information required under 28 U.S.C. § 1915(a)(1) and, (2) "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff failed to submit either document.

---

[1] The matter was referred for hearing and determination. However, under 28 U.S.C. § 636(b), the court's authority to rule upon the motion is limited to the issuance of a report and recommendation. The court will proceed accordingly.

Second, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The court finds that an appeal in this matter would not be taken in good faith.  The district judge dismissed plaintiff's complaint based upon his clear failure to demonstrate that he exhausted his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a).  The court sees no plausible basis in the record upon which the district court's order of dismissal or any subsequent order denying plaintiff's requests for reconsideration or relief from judgment could be overturned on appeal.

For the reasons state above, the court recommends that plaintiff's motion to proceed on appeal IFP be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                    s/Virginia M. Morgan
                                                    VIRGINIA M. MORGAN
Dated:   June 30, 2006               UNITED STATES MAGISTRATE JUDGE

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon Ralphael Okoro and counsel of record via the Court's ECF System and/or U. S. Mail on June 30, 2006.

                                                    s/J. Hernandez
                                                    Case Manager to
                                                    Magistrate Judge Virginia M. Morgan