UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAPHAEL OKORO,

          Plaintiff,

-vs-

JEFF KRUEGER, JOHN HEMINGWAY,
H.J. MARBERRY, MICHAEL NALLEY,
JANICE BONNEVILLE, LT. D. TANEL,
LT. BLACK, T.A. ZAMORA, OFFICER
BILLINGSLEY, and DIRECTOR LAPPIN,

          Defendants.
_____/

CASE NO. 05-CV-70269

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

**OPINION AND ORDER
(1) ADOPTING IN PART THE MAGISTRATE JUDGE'S SEPTEMBER 21, 2007
REPORT AND RECOMMENDATION; (2) GRANTING DEFENDANTS LAPPIN AND
NALLEY'S MOTION TO DISMISS BASED ON LACK OF PERSONAL
JURISDICTION; (3) GRANTING DEFENDANTS' MOTION TO DISMISS BASED ON
INSUFFICIENT SERVICE OF PROCESS; AND, IN THE ALTERNATIVE; (4)
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON
PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Before the Court are the parties' Objections to the Magistrate Judge's September 21,

2007 Report and Recommendation. Defendants Krueger, Tanel, and Black ("Defendants") filed

their Objections on October 5, 2007. (Doc. No. 84). *Pro se* Plaintiff Raphael Okoro ("Plaintiff")

filed his Objections on October 17, 2007. (Doc. No. 89). Defendants filed a Response to

Plaintiff's Objections on October 29, 2007. Plaintiff filed a Response to Defendants' Objections

on November 6, 2007. Having considered the entire record, and for the reasons that follow, the

Court ADOPTS IN PART the Magistrate Judge's Report and Recommendation, GRANTS

Defendants Lappin and Nalley's Motion to Dismiss for Lack of Personal Jurisdiction, GRANTS

1

Defendants' Motion to Dismiss for Insufficient Service of Process, and, in the alternative GRANTS Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies under the Prison Litigation Reform Act ("PLRA").

## I. BACKGROUND

As noted by the Magistrate Judge, the instant case has a lengthy procedural history. (R&R 1-6). In short, Plaintiff, an inmate, has alleged claims under 42 U.S.C. § 1983, seeking mandamus and injunctive relief, as well as compensatory and punitive damages, against Defendants, arising out of a Bureau of Prisons policy that declared that inmates were not to be in possession of certain legal documents, presentence reports, and statements of reasons.

Defendants filed a Motion to Dismiss and/or for Summary Judgment on May 10, 2007. (Doc. No. 71).

After a thorough discussion of the issues, the Magistrate Judge made the following recommendations:

(1) Defendants Lappin and Nalley should be dismissed for lack of personal jurisdiction;

(2) All Defendants should be dismissed for insufficient service of process;

(3) All Defendants are entitled to summary judgment for Plaintiff's failure to exhaust his administrative remedies; and

(4) Plaintiff failed to state a claim on his conspiracy claim against all Defendants, except that Plaintiff could proceed with his "conspiracy" and "conspiracy to retaliate" claims against Defendants Tanel, Black, and Krueger.

Defendants object to the following issues in the Report:

(1) The Magistrate Judge erred in finding that Plaintiff sufficiently alleged conspiracy and retaliation claims against Defendants to survive a motion to dismiss; and

(2) The Magistrate Judge erred in not considering Defendants' motion for summary judgment on Plaintiff's conspiracy and retaliation claims.

Plaintiff objects to the following issues in the Report:

(1) The entire report;

(2) The Magistrate Judge has overturned Judge Tarnow's order staying Plaintiff's deportation pending the resolution of his habeas petition and the Magistrate Judge conspired with Defendants to dismiss his claims; and

(3) The Magistrate Judge did not mail the Report to Plaintiff until September 28, 2007.

## II. ANALYSIS

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), this Court reviews *de novo* portions of a magistrate judge's report and recommendation on a dispositive motion to which a party has objected. Parties cannot raise arguments on objection to a report and recommendation that they did not bring before the magistrate judge. *Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

### B. Defendants' Objections

Defendants contend that even though the Magistrate Judge properly recommedned dismissal of all Defendants without prejudice, she erred in concluding that Plaintiff nevertheless stated a claim for "conspiracy" and "conspiracy to retaliate" under 42 U.S.C. § 1983 against Defendants Krueger, Tanel, and Black. Defendants further contend that the Magistrate Judge erred in not addressing these Defendants' motion for summary judgment on the merits of Plaintiff's claims. These Defendants request that the Court dismiss them with, rather than without, prejudice.

The Court finds that the Magistrate Judge correctly recommended dismissing without prejudice the three Defendants on a 12(b)(5) basis (insufficient service of process), and, alternatively, a Rule 56 basis (failure to exhaust). The Court holds that these grounds are sufficient for a resolution of the instant case as they pertain to the three Defendants. The Court does not find it necessary to adopt the portion of the Magistrate Judge's Report and Recommendation addressing Defendants' Rule 12(b)(6) arguments.

C. **Plaintiff's Objections**

Plaintiff objects: (1) to the entire report; (2) that the Magistrate Judge improperly reversed a stay granted by Judge Tarnow in Plaintiff's habeas corpus case; and (3) the Magistrate Judge failed to mail the report to Plaintiff until September 28, 2007. None of these arguments have merit.

Initially, a general objection to the entirety of a magistrate judge's report and recommendation has "the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see* Fed. R. Civ. P. 72(b) (providing that a party must filed "specific" written objections to proposed report). Therefore, the Court finds that Plaintiff's first objection lacks merit.

Plaintiff's second objection contends that the Magistrate Judge did not grant his request to stay his deportation hearings pending the resolution of the instant case. Plaintiff further contends that the Magistrate Judge "committed a treasonable offense by overruling Hon. Judge Arthur Tarnow's 9-12-07 Order in No. 07CV13756." Plaintiff filed a writ of habeas corpus on September 7, 2007, which was assigned to Judge Tarnow.

Plaintiff is incorrect on both assertions. On September 21, 2007, the Magistrate Judge

issued an Order, separate from the Report and Recommendation, denying Plaintiff's request to enjoin his deportation hearing until the resolution of the instant case. (Doc. No. 81). The Magistrate Judge concluded that she did not have the authority to bind Vincent Clausen, the Detroit Field Office Director, a non-party, to the instant proceedings. Second, Plaintiff makes no showing how his § 1983 claims in the instant case have any relationship to his petition for writ of habeas corpus pending before Judge Tarnow.

Finally, Plaintiff contends that his Objections are not tardy, since he alleged that he did not receive a copy of the R&R in a timely fashion. Even giving Plaintiff the benefit of the doubt on his contention, the Court finds for the above reasons that his Objections lack merit.

### III. CONCLUSION

For the foregoing reasons, the Court:

(1) **ADOPTS IN PART** the Magistrate Judge's September 21, 2007 Report and Recommendation;

(2) **GRANTS** Defendants Motion to Dismiss based on lack of personal jurisdiction as to Defendants Lappin and Nalley (Doc. No. 71);

(3) **GRANTS** Defendants' Motion to Dismiss based on insufficient service of process; and in the alternative,

(4) **GRANTS** Defendants' Motion for Summary Judgment on the basis of Plaintiff's failure to exhaust his administrative remedies under the PLRA.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 7, 2007

CERTIFICATE OF SERVICE

5

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 7, 2007.

                s/Denise Goodine
                Case Manager