UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RALPHAEL OKORO,

        Plaintiff,

-vs-

JEFF KRUEGER, et al.,

        Defendants.
_____/

CASE NO. 05-CV-70269

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER
## DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL

Before the Court is Plaintiff Raphael Okoro's ("Plaintiff") December 21, 2007 motion to proceed in forma pauperis on appeal. (Doc. No. 99). Defendants filed a Response on January 4, 2008. For the following reasons, the Court DENIES Plaintiff's motion.

Plaintiff's motion states that "he is under the U.S. Immigration Custody, and he has no job or income. That he is indigent and lacks access to law library / copier machine." (Pl. Br. 1). Plaintiff further represents that he is currently in custody at the Chippewa County Jail in Sault Ste. Marie, Michigan.

The Court finds that Plaintiff is not entitled to IFP status on appeal. Section 1915(g) of Title 28 United States Code states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger.

The United States Court of Appeals for the Sixth Circuit has already found that Plaintiff has violated the "three strikes" provision. *See Okoro v. Hemingway*, No. 02-74214, slip op. 2-3 (6th Cir.

1

Dec. 10, 2004). Furthermore, the Supreme Court has even ordered its Clerk not to accept any additional noncriminal petitions from Plaintiff, unless he paid the relevant docketing fees for his "abuse of th[e Supreme] Court's process." *Okoro v. Hemingway*, 543 U.S. 1044 (2005).

Since Plaintiff is subject to the "three strikes" rule, he must pay his own expenses if he wishes to pursue an appeal. *Fitts v. Sicker*, 232 Fed. Appx. 436, 440 (6th Cir. Feb. 8, 2007) (unpublished). Finally, Plaintiff has further made no argument that he is in "imminent danger" under the statute.

Therefore, the Court **DENIES** Plaintiff's motion.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 17, 2008.

s/Denise Goodine
Case Manager